IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| GARY LEON STOCKTON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CV-07-75-S-BLW |
| | ) | |
| vs. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| THE STATE OF IDAHO, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff's prisoner pro se Complaint was conditionally filed on February 14, 2007, subject to review by the Court to determine whether the Complaint should be dismissed under 28 U.S.C. §§ 1915 or 1915A.  Having reviewed the record, and otherwise being fully informed, the Court enters the following Order.

## REVIEW OF COMPLAINT

**A.     Standard of Law**

The Court is required to review prisoner in forma pauperis complaints to determine whether summary dismissal is appropriate.  28 U.S.C. §§ 1915 and 1915A.  The Court must dismiss a complaint or any portion thereof that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id*.

**INITIAL REVIEW ORDER  1**

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

**B.     Discussion**

Plaintiff asserts that he was illegally tried and convicted by use of false evidence, including a false police report, put on by the prosecutor in his Minidoka County criminal case. Plaintiff was convicted of domestic battery, and the conviction was upheld on direct appeal. Plaintiff now asserts that the foregoing allegations constitute a violation of his civil rights.

Because Plaintiff's civil rights claims arise from his state criminal case, the rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), is implicated. In *Heck*, the Supreme Court held that, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 486-87. As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id*. at 487.

Based on the foregoing law, Plaintiff cannot pursue a civil rights case at this time.

**INITIAL REVIEW ORDER  2**

If Plaintiff were to prove in this case that his conviction resulted from the use of false evidence put on by the prosecution at his criminal trial, it would have the effect of rendering his conviction invalid. The sole avenue for challenging a state court conviction in federal court is by filing a habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Petitioner is currently also seeking federal habeas corpus relief in a separate action. Accordingly, the Court shall dismiss this civil rights case without prejudice.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Complaint (Docket No. 3) is DISMISSED without prejudice.

IT IS FURTHER HEREBY ORDERED that Plaintiff's Motion to Proceed in Forma Pauperis (Docket No. 1) is MOOT.

DATED: **April 23, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**INITIAL REVIEW ORDER 3**